IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHONG SU YI, | * |
| | * |
| | * |
| | *     Civil Case No. TDC-15-1453 |
| v. | * |
| | * |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Chong Su Yi filed this appeal of the denial of his claim for disability benefits by the Social Security Administration ("SSA"). The SSA has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Mr. Yi failed to exhaust his administrative remedies prior to filing his complaint. [ECF No. 14]. I have considered that motion and Plaintiff's Opposition thereto [ECF No. 16]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, I recommend that the SSA's Motion to Dismiss be granted.

**I.**     **Facts**

On May 27, 2010, Mr. Yi filed for disability benefits with the SSA. [ECF No. 14-1, ¶ 3a]. His claim was denied at the initial level. *Id.* Mr. Yi filed a new application for disability benefits on January 7, 2013, and the 2013 claim was again denied initially and on reconsideration. [ECF No. 14-1, ¶ 3b]. In the interim, Mr. Yi requested that his 2010 application for benefits be reopened. [ECF No. 14-1, ¶ 3c]. An Administrative Law Judge

("ALJ") held a hearing on both the 2010 and 2013 applications, and issued an unfavorable decision on December 12, 2014. [ECF No. 14-1, ¶ 3d]. The accompanying "Notice of Decision" informed Mr. Yi that an appeal had to be filed with the Appeals Council within 60 days of the notice (plus a 5 day grace period for mailing). [ECF No. 14-1, Exh. 1]. Mr. Yi did not seek an appeal with the Appeals Council, and instead filed this civil action on May 21, 2015. [ECF No. 14-1, ¶ 3e].

## II.     Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)) (citation omitted). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## III.    Discussion

The SSA contends that this Court does not have jurisdiction over Mr. Yi's claim because he failed to exhaust administrative remedies and is not appealing from a "final decision." *See* [ECF No. 14]. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final decision" after he has exhausted all

administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). With respect to Social Security cases, the Commissioner has set forth administrative procedures which must be exhausted to achieve a final decision. *See* 20 C.F.R. §§ 404.900 *et seq*. and 416.1400 *et seq*. The final step in that process is Appeals Council review. *See* 20 C.F.R. §§ 404.967-83 and §§ 416.1444-65; *see also Bowen v. Yuckert,* 482 U.S. 137, 142 (1987) (outlining three-step process for exhausting administrative remedies, in which the third step is to "seek review by the Appeals Council.").

    The Fourth Circuit has not considered any cases in the exact procedural posture of this case, where all of the other procedural steps were exhausted but the claimant did not seek Appeals Council review. However, the Fourth Circuit has determined that a claimant's administrative remedies were not exhausted where she belatedly filed a request for review by the Appeals Council, and the Appeals Council therefore declined to review her claim. *See Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir. 1986) ("We therefore affirm the district court's conclusion that no final decision by the Secretary has been presented by the facts herein and thus no jurisdiction for judicial review of the merits of Adams' disability claim exists."). If no final decision is presented where the Appeals Council is asked belatedly to review a case, then it follows logically that no final decision is presented where, as here, the Appeals Council is never asked to perform review. Most other federal courts to have considered this precise issue have reached the same conclusion, and have determined that a claimant has not exhausted his administrative remedies if he has failed to seek review by the Appeals Council. *See, e.g.*, *Puente v. Callahan*, No. 97-1056, slip op. at 2 (10th Cir. July 18, 1997) ("Examining plaintiff's SSI claim under §405(g), we agree that plaintiff failed to exhaust the claim because she did not seek

review before the Appeals Council."); *Goff v. Sullivan*, No. CV-90-955-MFM, slip op. at 2 (9th Cir. Sept. 2, 1992) ("Because Goff did not appeal the ALJ's adverse decision to the Appeals Council, he failed to exhaust his administrative remedies in a timely manner and could not seek judicial review in district court."); *Alexander v. Sullivan*, Civ. A. No. 92-1950, 1992 WL 315105, at *1  (E.D. La. Oct. 16, 1992) ("In situations where a claim has proceeded to a hearing before an administrative law judge and has been denied on the merits, the Secretary's 'final decision' comes only after the claimant has sought review by the Appeals Council."); *Hylton v. Bowen*, No. 87-0091-CV-W-8, 1987 WL 123574, at *3 (W.D. Mo. July 31, 1987) ("Thus, there cannot be a "final decision" of the Secretary when petitioner has failed to file a timely request for Appeals Council review as Hylton has failed to do."); *Goodreau v. Bowen,* 647 F. Supp. 1409 (W.D. Pa. 1986) ("Review by the Appeals Council is necessary to obtain a 'final decision' which is subject to review.").  In light of the Fourth Circuit's analysis in *Adams* and the general consensus among other federal courts, the law as determined by Congress and the Commissioner requires Appeals Council review before a "final decision" can be obtained.

    Mr. Yi's opposition to the Commissioner's motion to dismiss essentially questions the large number of steps in the administrative process, suggesting that "Plaintiff had at least five administrative appeals remedy' (sic) in five plus years." Pl. Resp. at 2.  While Mr. Yi's frustration with the length of the administrative process may be understandable, the law permits the Commissioner to define all of the steps that must be followed to obtain a final decision and to achieve complete exhaustion of administrative remedies.  In this case, because Mr. Yi did not follow all of the required steps, this Court lacks subject matter jurisdiction to adjudicate his appeal.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court GRANT Defendant's Motion to Dismiss [ECF No. 14]; and

2.  the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  December 3, 2015                                   /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge